# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

United States of America,

      Plaintiff,

      v.

                            Case No.   2:23cr14

Nalah T. Jackson,                    Judge Michael H. Watson

      Defendant.

## CRIMINAL PRELIMINARY PRE-TRIAL ORDER

To eliminate unnecessary motions for discovery, to expedite the trial, and to eliminate delays in the presentation of evidence and examination of witnesses in this case, this matter shall precede as follows:

1. <u>Conference</u>.  Unless discovery has already commenced, within 10 days from the date of this Order, the United States Attorney or one of his Assistants (hereinafter "Government" or "Government attorney") and each defendant's attorney shall meet and confer, and upon request of defense counsel, the Government shall:

(a)  Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, whether inculpatory or exculpatory, or copies thereof, including oral admissions or statements if they have been reduced to any form of writing, or are known to the Government attorney, which are within the possession, custody or control of the Government or the existence of which is known or may become known to the Government attorney.

(b)  Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, which are within the possession, custody or control of the Government or the existence of which is known, or may become known to the Government attorney, and which are material to the defendant's case.

(c)  Permit defendant's attorney to inspect and copy or photograph any recorded testimony given by the defendant before a grand jury.

(d)  Permit defendant's attorney to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government or the existence of which is known, or may become known to the Government attorney, and which are material to the defendant's case.

(e)  Make known to defendant's attorney the defendant's prior criminal records in the possession of the attorney for the Government.

(f)  Make known to the defendant's attorney whether there have been any photographic identifications of defendant by any of the witnesses.

(g)  Permit defendant's attorney to inspect, copy or photograph any evidence favorable to the defendant within the meaning of Brady v. Maryland, 373 U.S. 83 (1963) and/or United States v. Agurs, 427 U.S. 97 (1976).  A list of the documents and items of evidence so inspected shall be made and this list shall be signed by the attorneys and copies of the items so disclosed shall be initialed or otherwise marked.

2.      Disclosure Declined.  If it is the judgment of the Government attorney that it would be detrimental to the interests of justice to make any disclosure set forth in Section 1 which is requested by defense counsel, disclosure may be declined and defense counsel shall be so advised.  The declination shall be made or confirmed in writing.

If a defendant seeks to challenge the declination, the defendant may move the Court for relief in the following manner:

(a)  The defendant shall file a motion for discovery or inspection no later than five business days from the time the Government declines.

(b)  The motion shall set forth: 1) the statement that the prescribed conference was held, 2) the date of the conference, 3) the name of the Government attorney with whom the conference was held, 4) the matters that were agreed upon, and 5) the matters that are in dispute and require determination by the Court.

3.  The time required to comply with the Order of Procedure  is necessary for the Court and the parties to prepare the case for trial, the delay is necessary to affect a fair trial to the parties and the need to conduct a fair trial outweighs the right of the public and the parties to a speedy trial, therefore, the time to complete these procedures is excludable time under Title 18 U.S.C. Section 3161, *et seq.*

4.      Continuing Duty.  Any duty of disclosure and discovery set forth herein is a continuing duty.

5.      Discovery by the Government.  This Order is not intended to preclude discovery by the Government pursuant to Rules 16(b) or 26.2 of the Federal Rules of Criminal Procedure.

6.      Motion Cut-Off Date: **March 8, 2023.**

7.      Final Pretrial Conference & Motion Hearing (if necessary) Date:

**Wednesday, March 15, 2023 at 11:00 a.m., Courtroom 3.** The defendant and counsel

shall be present at the hearing.  Any motion described in Section 2, along with all other

pending motions, shall be heard at that time.

8.      Pre-Marking and Listing of Exhibits.

(a)  Each party intending to offer exhibits shall mark the exhibits prior to

commencement of the trial.  Exhibit labels may be obtained from the Courtroom Deputy,

Clerk of Courts in advance of trial.  Each party shall thereafter prepare a typed list of the

proposed exhibits **ON THE ATTACHED FORM** and submit three copies of this list to

the Court prior to **three (3)** business days before the date of trial.  This list shall state

the proposed exhibit number and a neutral description of the exhibit.

(b)  When defense counsel has inspected an exhibit which the

Government and the defense intends to introduce into evidence, the identification and

authenticity of the exhibit shall be deemed admitted unless counsel files with the Court

prior to **two (2)** business days before the date of trial a notice that the identity and/or

authenticity of the exhibit will be contested.

(c)  This Order shall not affect the right of a party to object at trial to the

introduction of the exhibit other than on the basis of identification or authenticity.

9.      Scientific Analysis.  When the Government or defense has disclosed the

scientific analysis of a proposed exhibit to opposing counsel, and that analysis has been

made by an expert in the field of science involved, the results of the scientific analysis of

the exhibit and the opinion of the scientist will be deemed admitted unless opposing

counsel files with the Court prior to 10 business days before the date of trial a notice that the scientific analysis of the exhibit will be contested. This notice shall state whether the expert is desired as a witness.

10. <u>Refreshing Memory</u>. Whenever counsel for a party provides a witness with a document to refresh the memory of the witness for the purpose of testifying at trial, the opposing counsel shall be permitted to inspect and copy the document, provided that such copy shall not be further duplicated. The document shall remain in the possession of counsel and shall be used only for the purpose of representing the parties in this case.

11. <u>Jury Instructions</u>. If this case proceeds to trial, the parties shall submit to the Court **seven (7) days prior to trial,** a joint submission of a <u>complete</u> set of jury instructions, indicating 1) agreed instructions; 2) instructions proposed by plaintiff, but opposed by defendant; and 3) instructions proposed by defendant, but opposed by plaintiff. All proposed instructions shall be supported by citations to authority at the time submitted to the Court. If counsel wish to utilize special verdict forms or submit interrogatories to the jury, these should also be filed along with the jury instructions. See the Court's web site at www.ohsd.uscourts.gov/judges/htm for further instructions regarding submission of jury instructions to this Court.

12. <u>Trial Date</u>: **Monday, March 20, 2023 at 9:00 a.m., Courtroom 3.**

13. <u>Defendant Attendance</u>. The United States Marshal is hereby **DIRECTED** to have any defendant in its custody present at the hearing set in Section 7 and at trial set in Section 12. Defense counsel are hereby **DIRECTED** to have the defendant present at all settings.

14. The Government attorney shall monitor these proceedings. He or she shall prepare a time line showing the non-excludable and excludable time under 18 U.S.C. Section 3161. The time line shall be filed with the Court. The time line shall be updated as necessary but at least every thirty (30) days and filed with the Court. The Government attorney shall **FORTHWITH** inform the Court of the date trial should begin in this case pursuant to 18 U.S.C. Section 3161 and of any need to change that date to an earlier time. Requests for any continuance of the trial date by a party shall be by motion. The party filing the motion shall explain in the motion the necessity of the continuance and demonstrate that the time added by the continuance to the length of the proceedings is not only necessary but excludable under 18 U.S.C. Section 3161(h)(1)-(9).

The parties shall refer to the Court's web site at www.ohsd.uscourts.gov/judges/htm for further information regarding the trial procedures of this Court.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Plaintiff

**EXHIBIT LIST**

v.

**CASE NO.** _____

Defendant

Presiding Judge                Plaintiff Attorney                Defendant Attorney

Trial Dates                Court Reporter                Courtroom Clerk

| Pltf. No. | Deft. No. | Date Shown | Offered | Obj. | Adm. | Description of Exhibit |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |