**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

     **v.**                 **Case No. 2:23-cr-14**

**Nalah T. Jackson,**         **Judge Michael H. Watson**

     **Defendant.**

### OPINION AND ORDER

Defendant is charged with two counts of kidnapping of a minor.

Indictment, ECF No. 2.  Trial is currently scheduled for December 4, 2023, Op.

and Order, ECF No. 25, but Defendant moves to continue the trial date.  Mot.,

ECF No. 40.  Defendant contends the continuance is warranted because the

case involves voluminous discovery, defense counsel is preparing extensive

mitigation, and because Defendant and the Government are exploring a possible

plea agreement.  *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any

case in which a defendant has not pleaded guilty, trial must begin within seventy

days of the date the defendant has an initial appearance or is charged,

whichever is later.  18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S.

196, 198 (2010).  The Speedy Trial Act allows for certain delays to be excluded

from the seventy-day clock.  *See* 18 U.S.C. § 3161(h).  Some of these delays—

for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representation that discovery is voluminous, that defense counsel's mitigation package preparation was unforeseeably delayed, and that Defendant wishes to engage in plea negotiations, the Court finds that failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" and "result in a miscarriage of justice." *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Defendant's motion is **GRANTED**. Trial is set for **March 18, 2024, at 9:00 a.m.** The final pretrial conference is set for **February 29, 2023, at 10:30 a.m.,** by

which time the joint Final Pretrial Order must be filed on the docket. Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702 are due by **February 9, 2024, at 5:00 p.m.** Any responses to such motions are due by **February 20, 2024, at 5:00 p.m.** All motions *in limine* and proposed joint, substantive jury instructions are due by **February 26, 2024, at 5:00 p.m.** Any response to such motion is due by **March 7, 2024, at 5:00 p.m.**

The Clerk shall terminate ECF No. 40.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**